CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAY 28 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARQUISE LEON NELSON | Civil Action No. 7:09-cv-00144 |
| v. | **MEMORANDUM OPINION** |
| BRYAN WATSON, et al. | By: Hon. James C. Turk<br>Senior United States District Judge |

Marquise Leon Nelson, a Virginia inmate proceeding pro se, filed various documents requesting a "commercial habeas corpus." The court construed the submissions as challenging the state court conviction for which he is currently in custody. The court conditionally filed the documents, advised him that he must comply with Rule 2 of the Rules Governing § 2254 Cases, provided him with a § 2254 form, and allowed him twenty days to return the § 2254 petition. Nelson responded with a "90 day offer of immunity" and accepted the court's order "for value." The time to respond to the conditional filing order expired, and the matter is ripe for screening. Nelson did not submit a completed petition for a writ of habeas corpus; therefore, the court will not consider his filing under § 2254. See Rule 2 of the Rules Governing § 2254 Cases (stating requirements for § 2254 habeas petition).

I.

Nelson asserts the following facts in his "commercial notice." Nelson is the "paramount creditor of the legal fiction debtor/defendant/strawman . . . under unlawful personal restraint. . . ." (Pet. (docket #1) 8, ¶ 2.) The defendants should show cause "why they shouldn't be held in contempt to purge the commercial dishonors for their failure to ledger, under public policy, the settlement that is already on the record." (Id. at 12.) Nelson has not seen any "evidence that the United States exists[;] after all it is a legal fiction, it doesn't exist in reality, it

is merely a legal construct." (Id. at 8, ¶ 6.)

II.

Congress has conferred on district courts the authority to entertain only certain types of cases. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This federal question jurisdiction is not unlimited, however. The United States Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion . . . ." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Rule 12(b)(1) authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989). Furthermore, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977); see Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Principles requiring generous construction of pro se pleadings are also not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal

2

theory to satisfy federal notice pleading requirements. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments . . . ." Beaudett, 775 F.2d at 1278.

Nelson apparently seeks release from prison based on documents he created in reliance on his interpretation of the Uniform Commercial Code, other federal commercial statutes, and legalese. The court finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge a state conviction. Furthermore, Nelson fails to demonstrate any constitutional infirmity in the way in which his conviction was entered. Even liberally construed, the complaint does not state a viable federal legal claim upon which Nelson is entitled to be released from custody. In short, the present complaint seeks nothing more than Nelson's release from custody based on civil financing documentation on which he has no possible legal grounds for such relief. His claims of entitlement to release from confinement lack any arguable basis in the legal authority that he cites. Therefore, the court finds that his federal claims are absolutely devoid of merit and obviously frivolous, the court has no subject matter jurisdiction under § 1331 to entertain his action, and his submissions must be summarily dismissed, pursuant to Fed. R. Civ. P. 12(b)(1). See Neitzke, 490 U.S. at 327 n.6.

III.

For the foregoing reasons, the court dismisses this action for lack of jurisdiction.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Marquise Leon Nelson.

**ENTER**: This 28th day of May, 2009.

/s/ James C. Turk
Senior United States District Judge